UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.M.,<br><br>               Plaintiff,<br><br>    v.<br><br>CHOICE HOTELS INTERNATIONAL, INC., et al.,<br><br>               Defendants. | No. 2:22-cv-00672-KJM-JDP<br><br>ORDER |

      Defendant Red Roof Inns, Inc., a hotel franchisor, moves to dismiss plaintiff J.M.'s perpetrator and direct beneficiary claims under the Trafficking Victims Protection Reauthorization Act (TVPRA), 18 U.S.C. § 1595. For the reasons below, **the court denies the motion to dismiss.**

**I.    BACKGROUND**

      The court has summarized the history of this case in a prior order, Prior Order (Oct. 17, 2022), ECF No. 42, and incorporates that summary by reference in this order. As relevant here, plaintiff alleges she was trafficked at a franchisee hotel over the span of multiple weeks. *See generally* Second Am. Compl. (SAC), ECF No. 52. She claims hotel staff not only witnessed her being trafficked but helped her trafficker perpetrate the crime. *Id.* In its prior order, the court

1  dismissed plaintiff's direct beneficiary liability claim with leave to amend and allowed plaintiff to
2  bring a perpetrator liability claim in an amended complaint. Prior Order (Oct. 17, 2022) at 12.
3        Plaintiff then filed a second amended complaint containing similar facts and allegations to
4  the first amended complaint. *Compare* SAC *with* First Am. Compl. (FAC), ECF No. 10. This
5  complaint also includes new allegations regarding defendant's relationship with the franchisee
6  hotel. Plaintiff claims defendant was the primary facilitator in renting rooms at the franchisee
7  hotel, SAC ¶¶ 66–67; controlled data gathered from customer Wi-Fi use, *id.* ¶ 68; monitored
8  public reviews of the hotel, *id.* ¶ 76; and mandated hotel employees report criminal activity to the
9  upper levels of defendant's management, *id.* ¶¶ 80–85, 56–64. Defendant moves to dismiss
10 plaintiff's claims for direct beneficiary and perpetrator liability. Notice of Mot., ECF No. 53;
11 Mot., ECF No. 53–1.
12       The motion is fully briefed, Opp'n, ECF No. 61; Reply, ECF No. 63, and the court
13 submitted the motion on the papers, Min. Order, ECF No. 68.
14 **II.    LEGAL STANDARD**
15       A party may move to dismiss for "failure to state a claim upon which relief can be
16 granted." Fed. R. Civ. P. 12(b)(6). The motion may be granted if the complaint lacks a
17 "cognizable legal theory" or if its factual allegations do not support a cognizable legal theory.
18 *Godecke v. Kinetic Concepts, Inc.*, 937 F.3d 1201, 1208 (9th Cir. 2019) (quoting *Balistreri v.*
19 *Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)). The court assumes all factual
20 allegations are true and construes "them in the light most favorable to the nonmoving party."
21 *Steinle v. City of San Francisco*, 919 F.3d 1154, 1160 (9th Cir. 2019) (quoting *Parks Sch. of Bus.,*
22 *Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995)). If the complaint's allegations do not
23 "plausibly give rise to an entitlement to relief," the motion must be granted. *Ashcroft v. Iqbal*,
24 556 U.S. 662, 679 (2009).
25       A complaint need contain only a "short and plain statement of the claim showing that the
26 pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), not "detailed factual allegations," *Bell Atl.*
27 *Corp. v. Twombly*, 550 U.S. 544, 555 (2007). But this rule demands more than unadorned
28 accusations; "sufficient factual matter" must make the claim at least plausible. *Iqbal*, 556 U.S. at

678. In the same vein, conclusory or formulaic recitations of elements do not alone suffice. *Id.* (citing *Twombly*, 550 U.S. at 555).

### III. ANALYSIS

The TVPRA provides both criminal and civil penalties for sex trafficking. *See* 18 U.S.C. § 1591, § 1595. Section "1595(a) creates civil liability for two categories of defendants: (1) those who have themselves committed a criminal offense under § 1591 of the TVPRA (*i.e.*, perpetrator liability), and (2) those who are not themselves subject to criminal liability but who knowingly benefitted from participation in a venture that they knew or should have known was committing an offense under § 1591 of the TVPRA (*i.e.*, beneficiary liability)." *A.D., v. Wyndham Hotels & Resorts, Inc.*, No. 19-120, 2020 WL 8674205, at *2 (E.D. Va. July 22, 2020) (emphasis omitted). Plaintiffs may bring either direct or indirect beneficiary liability claims. *See J.C. v. Choice Hotels Int'l, Inc.*, No. 20-00155, 2020 WL 6318707, at *4 (N.D. Cal. Oct. 28, 2020). This court previously found plaintiff pleaded a claim for indirect, or vicarious, beneficiary liability, *see* Prior Order (Oct. 17, 2022) at 8, and plaintiff again pleads this claim again without defendant's objection. Defendant now moves to dismiss plaintiff's claims for perpetrator and direct beneficiary liability.

#### A. Perpetrator Liability

Civil perpetrator liability under section 1595 imputes section 1951's elements for criminal liability. *See* 18 U.S.C. § 1595. Section 1951 imposes criminal sanctions on "whoever knowingly" "recruits, entices, harbors, transports, provides, obtains, advertises, maintains, patronizes, or solicits by any means a person with knowledge that "means of force, threats of force, fraud, coercion described in subsection (e)(2), or any combination of such means will be used to cause the person to engage in a commercial sex act." 18 U.S.C. § 1591(a); *see also Noble v. Weinstein*, 335 F. Supp. 3d 504, 514–15 (S.D.N.Y. 2018); *Doe v. Fitzgerald*, No. 20-10713, 2022 WL 2784805, at *3 (C.D. Cal. May 13, 2022). As a result, plaintiffs must allege defendants knowingly harbored or maintained a person "with knowledge that fraud or force would be used to cause her to engage in a commercial sex act." *Fitzgerald*, 2022 WL 2784805, at *4; *A.D.*, 2020 WL 8674205, at *2 n.1 ("Section 1591 imposes an actual knowledge requirement"). While courts

3

have examined civil perpetrator liability claims, *see, e.g., Fitzgerald*, 2022 WL 2784805, the court has not located any other decision interpreting the statute's perpetrator liability provisions against a franchisor hotel.

Defendant argues plaintiff has not alleged actual knowledge. ECF No. 55; Reply at 9. Knowledge does not require "certainty as to a future act" but rather "is a state of mind in which the knower is familiar with a pattern of conduct." *United States v. Todd*, 627 F.3d 329, 334 (9th Cir. 2010). "What the statute requires is that the defendant kn[ew] in the sense of being aware of an established modus operandi that will in the future cause a person to engage in prostitution." *Id.*; *see also Noble*, 335 F. Supp. 3d at 517–28 ("Defendant enticed Plaintiff with knowledge that means of force or fraud would be used to cause a commercial sex act to take place.").

Plaintiff plausibly pleads defendant's actual knowledge of her trafficking.[1] *See* Opp'n at 16. Specifically, plaintiff alleges franchisee hotel staff:

- Took cash payments from her trafficker, SAC ¶ 62;
- Rented plaintiff and her trafficker rooms away from other guests, *id.* ¶ 58;
- Witnessed "lots of male visitors coming in and out of [her] room" and heard "loud noises of abuse or other emergency [sic]" including noises of "beatings, banging, crying, and screaming for help," *id.* ¶¶ 61, 62;
- Witnessed "large numbers of male visitors asking for [her] and her trafficker at the front desk," *id.* ¶ 62;
- Instructed "johns" to "hurry up" as they entered and left her room, *id.* ¶ 60;
- Noticed "unusual numbers of used condoms in the garbage bins" and signs of drug use in plaintiff's rooms, *id.* ¶ 62;
- Saw "visible signs of prior physical abuse" on her body, *id.*; and
- Saw plaintiff solicit "johns" "from the [hotel] lobby and the parking lot," *id.* ¶ 59.

---

[1] Plaintiff also asserts a second theory of knowledge: she argues the hotel staff's knowledge is imputed to defendant through the collective knowledge doctrine. Opp'n at 16–17. Because the court finds plaintiff has plausibly alleged actual knowledge, it need not analyze this second theory here.

4

These allegations make it plausible the franchisee hotel staff knew plaintiff was being trafficked. Plaintiff says she resided at the franchisee hotel for weeks at a time, and the trafficking behavior was "open and obvious to anyone working" there. *Id.* ¶¶ 37, 64.

Moreover, plaintiff's allegations link the franchisee staff's knowledge to defendant because plaintiff alleges defendant required all employees of franchisee hotels to report potential criminal activity or "indices of human trafficking" to "[d]efendant['s] corporate executives and upper-level management." *Id.* ¶¶ 80, 83. Based on these allegations, the court can reasonably conclude—and plaintiff has "sufficiently put defendant on notice" that she alleges—staff followed this protocol and reported plaintiff's trafficking to defendant. SAC ¶ 83 ("employees . . . would have reported suspected red flags of human trafficking to [d]efendant['s] corporate executives"); *see also* Opp'n at 16; *Cutera, Inc. v. Lutronic Aesthetics, Inc.*, No. 2:20-00235, 2020 WL 4937129, at *4 (E.D. Cal. Aug. 24, 2020). Taking the allegations in the light most favorable to plaintiff and drawing reasonable inferences in her favor, as the court must do at this early stage, plaintiff has pled the knowledge requirement of perpetrator liability: defendant was aware of the trafficker's "modus operandi," including the use of force, and was familiar with the trafficker's conduct. *Todd*, 627 F.3d at 334. As such, the court **denies defendant's motion to dismiss plaintiff's claim based on perpetrator liability.**

**B.     Beneficiary Liability**

To state a direct beneficiary claim under section 1595, plaintiff must allege defendant (1) knowingly benefitted (2) "from participation in a venture" (3) that it "'knew or should have known has engaged in'" trafficking the plaintiff. *J.C.*, 2020 WL 6318707, at *4 (quoting 18 U.S.C. § 1595(a)). In its prior order, the court found plaintiff plausibly alleged the first element of this claim. Prior Order (Oct. 17, 2022) at 5–6. The court now addresses whether plaintiff sufficiently alleges the second and third elements.

**1.     Participation in a Venture**

In its prior order, this court applied the plain meaning of "participation in a venture," which requires plaintiffs to "allege that the franchisors took part in a common undertaking or enterprise involving risk and potential profit." *Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714, 725

5

(11th Cir. 2021). The court found plaintiff's complaint contained allegations describing only a general franchisor-franchisee venture without allegations that defendant directly participated in the sex-trafficking venture, but observed plaintiff might be able to cure this deficiency. Prior Order (Oct 17, 2022) at 7–8. Plaintiff's operative complaint now specifically alleges defendant's participation. *See* SAC ¶¶ 66–67, 80, 83; *J.C.*, 2020 WL 6318707, at *7 ("She therefore plausibly pleads that defendant[] directly 'participated in a venture' by providing lodging to people it knew or should have known were engaged in *her* sex trafficking." (emphasis in original)).

As reviewed above, plaintiff alleges defendant required franchisee hotels to report sex trafficking to upper-level management, SAC ¶ 80, and hotel employees "witnessed the obvious signs of [her] trafficking," and "would have reported suspected red flags" to defendant, *id.* ¶ 83. Plaintiff plausibly pleads defendant's full participation because she alleges "defendant[] w[as] the primary facilitator or participant in the renting of rooms." *Id.* ¶¶ 66–67. Defendant "controlled booking and payment processing for the renting of rooms at [its] branded properties" and "required [its] branded properties to use software operated and controlled by [it] for room booking and reservations" and credit card processing. *Id.* ¶ 67. Defendant also "fixed the price of room rentals" for its franchisees. *Id.* Thus, plaintiff alleges defendant, in controlling the booking and payment processing, was the entity directly renting rooms to plaintiff's trafficker and has "allege[d] at least a showing of a continuous business relationship between the trafficker and [defendant] such that it would appear that the trafficker and [defendant] have established a pattern of conduct or could be said to have a tacit agreement." *H.H. v. G6 Hosp., LLC*, No. 2:19-755, 2019 WL 6682152, at *4 (S.D. Ohio Dec. 6, 2019); *see also M.A. v. Wyndham Hotels & Resorts, Inc.*, 425 F. Supp. 3d 959, 971 (S.D. Ohio 2019).

In response, defendant argues "observing something is not the same as participating in it," and suggests plaintiff has not sufficiently alleged active participation in the venture. *See* Mot. at 7 (citing *Doe #1*, 21 F.4th at 727). It argues, for instance, its ownership of the booking software is similar to that of the "simple act of renting a room to a trafficker without knowledge of his activity," Reply at 1–3, and cites cases in which courts have refused to hold the TVPRA requires hotels to affirmatively stop trafficking, *see id.* at 6–7 (collecting cases). But plaintiff does not just

claim defendant failed to prevent her trafficking. She alleges defendant actively participated in facilitating the operation, as explained above. *See* SAC ¶¶ 66–67, 80–85. Those allegations, taken in the light most favorable to plaintiff, show it is plausible defendant actively participated in the operation through its rental of rooms to her trafficker. *See J.C.*, 2020 WL 6318707, at *7.

Because plaintiff has "connect[ed] the dots" between herself and defendant, she has now met the second element of her direct beneficiary liability claim. *B.M. v. Wyndham Hotels & Resorts, Inc.*, No. 20-00656, 2020 WL 4368214, at *5 (N.D. Cal. July 30, 2020).

### 2.      Knew or Should Have Known

Lastly, plaintiff must allege defendant knew, or should have known, about plaintiff's sex-trafficking; allegations about sex trafficking generally are insufficient. *See S.J. v. Choice Hotels Int'l, Inc.*, 473 F. Supp. 3d 147, 154–55 (E.D.N.Y. 2020); *J.C.*, 2020 WL 6318707, at *4 ("[Plaintiff] must allege facts to support that defendants, at the very least, rented rooms to people they should have known were engaging in her sex trafficking."). While plaintiff had previously pled sufficient facts to the effect the franchisee hotels knew or should have known plaintiff was being trafficked, the court found the complaint did not allege defendant possessed this knowledge. Prior Order (Oct. 18, 2022) at 8–9.

In the amended complaint, plaintiff has added specific allegations regarding defendant's actual knowledge, as reviewed in section A above. *J.C.*, 2020 WL 6318707, at *5. These factual allegations closely mirror those in *J.C.*, in which the court denied a motion to dismiss a TVPRA direct beneficiary claim against hotel franchisors because the plaintiff adequately alleged the defendants knew of the tracking of her individually, monitored criminal activity at franchisee hotels and implemented policies for reporting and tracking sex trafficking, among other details. *Id.* at *6.

Plaintiff's allegations that defendant had exclusive knowledge of certain information, including what defendant knew, are enough to satisfy the "knew or should have known" prong at this stage. *See Park v. Thompson*, 851 F.3d 910, 928–29 (9th Cir. 2017) ("Because many of the relevant facts here are known only to the defendant, . . . we conclude that [plaintiff] has pleaded sufficient facts to state a plausible claim . . ."); *Concha v. London*, 62 F.3d 1493, 1503 (9th Cir.

1995).  Plaintiff has sufficiently alleged the second and third prong of her direct beneficiary claim.  The court **denies defendant's motion to dismiss**.

IV. **CONCLUSION**

For the reasons above, defendant's motion to dismiss the second amended complaint is **denied**.  Defendant must file an answer to plaintiff's complaint within fourteen (14) days from the date of this order.  The court sets an initial status (scheduling) conference for **July 13, 2023, at 2:30 p.m.**  The parties shall provide all the information required by the local rules and this court's standing order in a joint statement filed at least seven (7) days before the status conference.

This order resolves ECF No. 53.

IT IS SO ORDERED.

DATED:  May 12, 2023.

_____
CHIEF UNITED STATES DISTRICT JUDGE