1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    J.M., an individual,                          No. 2:22-cv-00672-KJM-JDP

12                      Plaintiff,                   ORDER

13        v.

14    Red Roof Inns, Inc.,

15                      Defendant.

16

17          Plaintiff J.M. moves to stay proceedings pending a decision from the Judicial Panel on

18    Multidistrict Litigation (JPML) on whether this case will be transferred to a different court for a

19    multidistrict litigation proceeding (MDL).  The sole defendant, Red Roof Inns, Inc., opposes the

20    motion.  The court held a videoconference hearing on plaintiff's motion on January 22, 2024, at

21    which Jennifer El-Kadi and Penny Barrick appeared for plaintiff and Chelsea Mikula and

22    Amanda Villalobos appeared for defendant.  Mins., ECF No. 103.  Having carefully considered

23    the parties' briefing and arguments at hearing, for the reasons set forth below, the court **denies** the

24    motion to stay.[1]

25    //

26    //

---

[1] The court denied the motion to stay in a minute order issued January 23, 2024.  *See* Min.
Order (Jan. 23, 2024), ECF No. 104.  This order explains the reasons for the court's denial.

1

1  I.      BACKGROUND

2          A.      This Case

3          In April 2022, plaintiff filed this case, initially suing both Red Roof Inns, Inc. and Choice

4  Hotels International, Inc.  *See generally* Compl., ECF No.1.  This court held the initial Rule 16

5  scheduling conference in October 2022, and issued a scheduling order immediately following that

6  conference.  Min. Order, ECF No. 36; Scheduling Order, ECF No. 37.  The court has approved

7  relatively minor modifications to the initial schedule; at this point fact discovery is scheduled to

8  close on February 3, 2024, and expert discovery on April 12, 2024, with a dispositive motion

9  cutoff of May 13, 2024.  *See* Prior Order (July 18, 2023), ECF No. 83; Prior Order (Jan. 4, 2024),

10  ECF No. 96.  The parties confirmed at hearing that an independent medical examination of

11  plaintiff is set for February 3, 2024, and they are in discussions regarding the setting of

12  depositions.  While defendants have filed a motion seeking leave to file a third-party complaint

13  against its franchisee, *see* Mot. for Leave, ECF No. 97, defense counsel represented that if the

14  motion is granted it will not require a full reopening of discovery, and plaintiff's counsel did not

15  argue otherwise.

16          Plaintiff voluntarily dismissed Choice Hotels in February 2023, *see* Dismissal Notices,

17  ECF Nos. 62, 65; Min. Order (Feb. 28, 2023), ECF No. 66, and since then the case has been

18  proceeding against only Red Roof Inns, Inc.  Plaintiff's current counsel, aside from local counsel,

19  substituted into the case in July 2022, ECF Nos. 21, 22, 23, with one attorney appearing in

20  November 2023.  ECF No. 94.

21          B.      JPML Proceedings

22          In 2020, before plaintiff filed this case, the JPML denied a motion to centralize

23  approximately three dozen cases brought by sex trafficking survivors against hotel brand

24  franchisors, franchisees, and related entities alleging violations under the Trafficking Victims

25  Protection Reauthorization Act (TVPRA), 18 U.S.C. § 1595(a).  *See In re Hotel Indus. Sex*

26  *Trafficking Litig.*, 433 F. Supp. 3d 1353 (U.S. Jud. Pan. Mult. Lit. 2020).  The JPML denied the

27  motion based on the "unique issues concerning" the allegations in each of these actions.  *Id.* at

28  1356.  As this case has been proceeding, several new TVPRA actions have been filed across the

1  country, many of them filed by plaintiff's current counsel.  *See* Mot. At 1–2, ECF No. 98;

2  Transcript at 11, Mot. Ex. A, ECF No. 98-1; *see also* Mot. To Transfer, *IN RE: Hotel Industry*

3  *Sex Trafficking Litigation (No. II)*, No. 3104 (U.S. Jud. Pan. Mult. Lit. Jan. 9, 2024), ECF No. 1.[2]

4       On January 9, 2024, plaintiff's counsel filed a motion before the JPML seeking

5  reconsideration of that panel's prior order denying the creation of an MDL.  *See* Mot. At 1–2.

6  Plaintiff's counsel represents to this court that it filed the motion for reconsideration at the

7  direction of the Chief Judge of the Southern District of Ohio.  *See* Mot. At 2*; see also* Min. Order,

8  *L.G. v. Red Roof Inns, Inc. et al.*, No. 22-1924 (S.D. Ohio Dec. 6, 2023), ECF No. 52.  That Chief

9  Judge is presiding over a number of TVPRA cases, filed between March 2019 and May 2023.

10  Mot. At 3; *see, e.g.*, Compl., *S.R. v. Wyndham Hotels & Resorts, Inc. et al.*, No. 23-1731 (S.D.

11  Ohio May 23, 2023), ECF No. 1; Compl., *M.A. v. Wyndham Hotels & Resorts, Inc. et al.*,

12  No. 19-849 (S.D. Ohio Mar. 8, 2019), ECF No. 1.

13       Not quite a week after filing the motion for consideration with the JPML, on a federal

14  holiday, plaintiff's counsel filed their request to stay here, setting the motion for a date not

15  available on the court's calendar.  *See* Mot.  Defendant opposes the motion.  Opp'n, ECF

16  No. 101.  As noted, the court heard the motion by videoconference, specially setting a hearing

17  date given that time is of the essence.  *See* Mins.

18  **II.   APPLICABLE RULES**

19       **A.   Federal Rules of Civil Procedure**

20       Federal Rule of Civil Procedure 1 provides that the civil rules "should be construed,

21  administered, and employed by the court and the parties to secure the just, speedy, and

22  inexpensive determination of every action and proceeding."  Fed. R. Civ. P. 1.  To that end,

23  Federal Rule of Civil Procedure 16 provides for a court to schedule "one or more pretrial

24  conferences" for the purposes, among others, of "expediting disposition of the action,"

25  "establishing early and continuing control so that the case will not be protracted because of lack

---

[2] A court may take judicial notice of undisputed matters of public record, including publicly available court records.  *See United States v. Raygoza-Garcia*, 902 F.3d 994, 1001 (9th Cir. 2018).

1  of management," and "discouraging wasteful pretrial activities." Fed. R. Civ. P. 16(a)(1), (2), (3).

2  The court "must issue" a scheduling order "as soon as practicable," and no later than "90 days

3  after any defendant has been served with the complaint or 60 days after any defendant has

4  appeared." Fed. R. Civ. P. 16(b)(2). Once the court sets a schedule it "may be modified only for

5  good cause and with the judge's consent." Fed. Riv. Civ. P. 16(b)(4).

6  ### B.    JPML Statutory Authority and Rules

7  The JPML is authorized to transfer "civil actions involving one or more common

8  questions of fact," which "are pending in different districts . . . to any district for coordinated or

9  consolidated pretrial proceedings." 28 U.S.C. § 1407(a). Rule 2.1(d) of the Judicial Panel on

10  Multidistrict Litigation Rules of Procedure states the pendency of a motion before the panel

11  brought under 28 U.S.C. § 1407 "does not affect or suspend orders and pretrial proceedings in

12  any pending federal district court action and does not limit the pretrial jurisdiction of that court."

13  A putative transferor court does not automatically issue a stay when a motion to transfer is

14  pending before the JPML. *See Stuart v. DaimlerChrysler Corp.*, No. 08-0632, 2008 WL

15  11388470, at *2 (E.D. Cal. Dec. 23, 2008). Instead, when considering a motion to stay

16  proceedings, a court considers the following three factors: "(1) potential prejudice to the non-

17  moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the

18  judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact

19  consolidated." *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997). The party

20  moving for a stay, here the plaintiff, "bears the burden of establishing its need." *Clinton v. Jones*,

21  520 U.S. 681, 708 (1997) (internal citation omitted). As the Supreme Court has prescribed, "if

22  there is even a fair possibility that the stay . . . will work damage to some one else," then the party

23  seeking the stay "must make out a clear case of hardship or inequity." *Landis v. N. Am. Co.*,

24  299 U.S. 248, 255 (1936). The court examines each of these factors in turn.

25  ### III. DISCUSSION

26  ### A.    Prejudice to Non-Moving Party

27  Plaintiff argues defendant, the non-moving party, would not be prejudiced if the court

28  issues a temporary stay. Mot. at 5. Plaintiff asserts any delay would be minimal and suggests

defendant would even benefit from first allowing the JPML to issue its decision, in that all parties might benefit from a saving of time and effort if the panel orders consolidation, or tailor litigation practice following any panel decision. *Id.* In response, defendant argues it "would be severely prejudiced if a stay is entered," given that the fact discovery cutoff of February 3, 2024, is now less than two weeks away. Opp'n at 4. Specifically, defendant contends it has expended significant resources in preparing for plaintiff's deposition and independent medical examination, both set to occur within the next two weeks by the fact discovery cutoff. *Id.* at 3–4; Amanda Villalobos Decl. ¶¶ 4–5, 7, ECF No. 101-1. Additionally, defendant states it has retained experts who are in the process of finalizing their reports due on February 7, 2024. Opp'n at 4; Villalobos Decl. ¶ 6. If the court grants a stay, defendant argues it would have to have its "experts pause on their expert reports . . . hold off for 2-3 months and then re-familiarize themselves with the facts of the case all over again at a significant cost to [defendant]." Opp'n at 4. Given the very late date of plaintiff's motion to stay, filed so close to the fact discovery cutoff and start of expert discovery, the court finds a stay of proceedings at this stage would prejudice the defendant. Plaintiff's counsel has not met plaintiff's burden to show otherwise. This factor weighs heavily against granting the motion to stay.

**B.      Hardship and Inequity to Plaintiff**

In the brief seeking a stay, plaintiff's counsel asserts if a stay is not granted this "would cause significant hardship to plaintiff." Mot. at 5. However, as defendant notes, plaintiff's brief focuses solely on hardship to plaintiff's counsel rather than plaintiff herself. *See* Opp'n at 4–5. For example, plaintiff's brief states, "plaintiff's counsel should be permitted to focus on the centralization process, which was ordered from another court" as "it would be inequitable for them to be forced to litigate on both fronts." Mot. at 6. While counsel acknowledges the significant work underway to meet the deadlines set by this court in the Rule 16 scheduling order, *id.*, they provide no meaningful or supporting declaration to support their conclusory statement that plaintiff will suffer hardship and inequity.

While plaintiff's counsel argued to the court during hearing that plaintiff J.M. would suffer hardship and inequity, the arguments took the form of generalized statements about the

1   potential for a plaintiff in a case of this kind to experience retraumatization if forced to relive the

2   kind of experiences alleged in the complaint.  *See* Second Am. Compl., ECF No. 52, ¶¶ 20, 56–64

3   (alleging specific sex trafficking of plaintiff at defendant's Stockton property in 2012).  The

4   complaint does note the sensitive nature of plaintiff's allegations, and requests that plaintiff be

5   able to proceed under a pseudonym, *id.* ¶ 15, which the court has allowed, *see* Prior Order

6   (Sept. 7, 2023), ECF No. 90 (approving parties' stipulation protecting plaintiff's identity).  The

7   complaint does not include allegations of retraumatization through litigation, and plaintiff's

8   counsel has not otherwise moved for additional protective orders to shield plaintiff from

9   unnecessarily intrusive or harmful discovery.  Given the nature of the case, the court will remain

10  alert to practices and procedures that may be needed to address issues of trauma if counsel raises

11  them with proper support.  But counsel's arguments have no support in the record currently

12  before the court and are insufficient to meet plaintiff's burden.  This factor too weighs against

13  granting a stay.

14          **C.     Judicial Resources**

15          Lastly, the court considers whether a stay would advance judicial economy.  Plaintiff

16  argues "[c]ontinued litigation until the JPML rules would be an unnecessary use of this [c]ourt's

17  resources."  *Id.* at 7.  In support of this argument, plaintiff cites a court decision from the Eastern

18  District of Louisiana, which found the judicial economy factor weighed in favor of granting a

19  motion to stay.  *Louisiana Stadium & Exposition Dist. v. Financial Guar. Ins. Co.*, No. 09-235,

20  2009 WL 926982 (E.D. La. Apr. 2, 2009).  In that case, the motion to stay was filed a month after

21  the case was filed, and the presiding court reasoned it would have had to spend significant time

22  and energy early in the case familiarizing itself with allegations involving complex financial

23  transactions, especially given a forthcoming motion to dismiss.  *Id.*; Compl., *Louisiana Stadium*

24  *& Exposition Dist. V. Financial Guar. Ins. Co.*, No. 09-235 (E.D. La. Jan. 22, 2009), ECF No. 1;

25  Mot. to Stay, *Louisiana Stadium & Exposition Dist. V. Financial Guar. Ins. Co.*, No. 09-235

26  (E.D. La. Feb. 20, 2009), ECF No. 7.

27          Plaintiff also cites a Northern District of Texas case in which the presiding judge granted a

28  stay in part because he found "its pretrial procedures w[ould] be wasted" if the JPML granted the

motion to transfer.  *U.S. Bank v. Royal Indem. Co.*, No. 02-0853, 2002 WL 31114069, at *2 (N.D. Tex. Sept. 23, 2002).  This case too is distinguishable.  In *U.S. Bank*, the motion to stay was filed just over a month after the court issued the scheduling order.  Scheduling Order, *U.S. Bank v. Royal Indem. Co.*, No. 02-853 (N.D. Tex. June 14, 2002), ECF No. 11; Mot. to Stay, *U.S. Bank v. Royal Indem. Co.*, No. 02-853 (N.D. Tex. July 23, 2002), ECF No. 11.  Here, in contrast to both the *Louisiana Stadium* and *U.S. Bank* cases, this court has presided over this case for nearly two years, expending judicial resources on pretrial procedures, supervision of the Rule 16 schedule and motion practice.  It has familiarized itself with the underlying factual allegations and procedural history of this case and issued orders on two motions to dismiss.  *See* Prior Order (Oct. 17, 2022), ECF No. 42; Prior Order (May 12, 2023), ECF No. 70.  It is preparing to resolve defendant's pending motion for leave to file a third-party complaint.  Mot. for Leave.  And as noted, fact discovery is about to close and expert discovery open, with dispositive motions due in less than four months.  *See* Prior Order (July 18, 2023); Prior Order (Jan. 4, 2024).  The time during which the court's judicial resources could have been conserved—the time Congress identified in the MDL statute as appropriate for designation of an MDL court—has mostly passed.

The judicial economy factor also does not weigh in favor of granting a stay; rather it weighs heavily against a grant.

Two of the factors informing whether to grant plaintiff's motion to stay weigh heavily against doing so, and plaintiff's counsel has not met plaintiff's burden with respect to the third factor.  The court will deny the motion to stay.

**IV.   CONCLUSION**

For the reasons set forth above, the court **denies** plaintiff's motion to stay.

This order resolves ECF No. 98.

IT IS SO ORDERED.

DATED:  January 24, 2023.

_____

CHIEF UNITED STATES DISTRICT JUDGE