UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.M., an individual,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>Red Roof Inns, Inc.,<br><br>　　　　　　　　Defendant. | No. 2:22-cv-00672-KJM-JDP<br><br>ORDER |

Defendant Red Roof Inns, Inc (RRI) seeks leave to file a third-party complaint against its franchisee, Bhola Co. Plaintiff opposes. For the following reasons, the court **denies** RRI's motion.

I.　　**BACKGROUND**

Plaintiff originally filed this action in April 2022 seeking to hold RRI responsible under the Trafficking Victims Protection Reauthorization Act (TVPRA), 18 U.S.C. § 1595, for knowingly benefitting from the trafficking of her by others at the Red Roof-branded Stockton RRI.[1] *See* Compl., ECF No. 1. Plaintiff served RRI in June 2022, *see* Summons, ECF No. 15, and in July 2022 the parties filed a joint status report, *see* First JSR, ECF No. 25. In October

---

[1] Plaintiff also named Choice Hotels International, Inc. as a defendant, but later filed a notice of voluntary dismissal of this defendant, *see* Notice, ECF No. 65; *see also* Min. Order (Feb. 28, 2023), ECF No. 66 (dismissing Choice Hotels International, Inc.).

1  2022, the court held a Rule 16 scheduling conference and issued a bench order setting the pre-trial
2  case schedule. *See* FRCP 16 Bench Order, ECF No. 36. In December 2022, plaintiff filed a
3  second amended complaint, *see* Second Am. Compl., ECF No. 52, and following the court's
4  order denying RRI's motion to dismiss, *see* Prior Order (May 12, 2023), ECF No. 70, RRI filed
5  its answer on May 26, 2023, *see* Answer, ECF No. 74. Now, as noted, RRI seeks leave to file a
6  third-party complaint against its franchisee. *See* Mot., ECF No. 97. RRI represents it originally
7  entered into a Franchise Agreement with Chandrakant and Kala Patel in 2006, and the Patels
8  subsequently formed a limited liability company, Bhola Co., which now is RRI's franchisee. *See*
9  Mem. at 3, ECF No. 97-1. RRI claims under the Franchise Agreement Bhola Co. is contractually
10 obligated to indemnify RRI for claims arising from this litigation. *See id.* at 2. Plaintiff opposes
11 the motion, *see* Opp'n, ECF No. 108, and RRI has replied, *see* Reply, ECF No. 111.

12     At the time RRI filed the instant motion, fact discovery was set to close on February 3,
13 2024. *See* Prior Order (Jan. 4, 2024), ECF No. 96. The court has since granted plaintiff's
14 unopposed motion for an extension of all pretrial deadlines for an additional forty-five days, with
15 fact discovery now set to close March 20, 2024. *See* Unopposed Mot., ECF No. 109; Prior Order
16 (Jan. 30. 2024), ECF No. 110. The court heard arguments on February 16, 2024. *See* Mins. Hr'g,
17 ECF No. 123. Margot Cutter appeared for plaintiff and Amanda Villalobos appeared for RRI. *Id.*

18 **II.  FEDERAL RULE OF CIVIL PROCEDURE 14**

19     Under Federal Rule of Civil Procedure 14, a defendant may bring a third-party complaint
20 against "a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R.
21 Civ. P. 14(a)(1). Thus, RRI can assert a third-party claim against its franchisee if the franchisee's
22 liability to RRI is "dependent on the outcome of the main claim and is secondary or derivative
23 thereto." *Stewart v. Am. Int'l Oil & Gas Co.*, 845 F.2d 196, 199 (9th Cir. 1988) (citation
24 omitted). However, if a defendant and would-be third-party plaintiff files the third-party
25 complaint more than fourteen days after serving its original answer, "the third-party plaintiff
26 must, by motion, obtain the court's leave[.]" Fed. R. Civ. P. 14(a)(1).

27     Whether to grant leave is within the "sound discretion of the trial court." *Southwest*
28 *Adm'rs, Inc. v. Rozay's Transfer*, 791 F.2d 769, 777 (9th Cir. 1986) (citation omitted). In

2

1  deciding whether to allow a third-party complaint, courts consider: "(1) potential prejudice to the
2  original plaintiff; (2) complication of the issues at trial; (3) likelihood of trial delay; and
3  (4) timeliness of the motion to implead." *Medrano v. Party City Corp.*, No. 16-2996, 2018 WL
4  497158, at *1 (E.D. Cal. Jan. 22, 2018) (citing *Irwin v. Mascott*, 94 F. Supp. 2d 1052, 1056 (N.D.
5  Cal. 2000)). In proper circumstances, impleading a third party will "promote judicial efficiency
6  by eliminating the necessity for the defendant to bring a separate action against a third individual
7  who may be secondarily or derivatively liable to the defendant for all or part of the plaintiff's
8  original claim." *Southwest Adm'rs*, 791 F.2d at 777 (citation omitted).

As noted above, RRI seeks leave to file a third-party complaint against Bhola Co., which RRI states independently owns and operates RRI Stockton under a Franchise Agreement. *See* Mem. at 2. RRI argues under the Franchise Agreement, Bhola Co. had "sole responsibility to maintain the safety and security of its employees, guests and others who may be on the Inn premises." *See* Franchise Agreement § 5.13, Chelsea R. Mikula Decl. Ex. B, ECF No. 97-4; Mem. at 3. Further, RRI argues Bhola Co. is obligated to indemnify RRI for any damages for which it may be liable to plaintiff in this case and therefore impleading Bhola Co. would promote judicial efficiency. *See* Mem. at 2, 5. However, as discussed below, the court finds on balance the relevant factors weigh against granting RRI's motion.

### A. Timeliness

First, RRI's delay weighs heavily against granting this motion. RRI has been on notice of the nature of plaintiff's claims since at least June 2022, *see* Summons, and has contemplated filing a third-party complaint against its franchisee since July 15, 2022, *see* First JSR at 6 (noting RRI "may seek leave to amend or file a third-party complaint at a later time to add other responsible third parties to this litigation"). However, it waited until January 12, 2024, to file the instant motion. *See* Mot. Despite this, RRI claims its motion is not untimely because it is not the eve of trial and discovery is still open. *See* Mem. at 6–7. Yet these facts do not explain why RRI waited over a year and a half since it became aware of plaintiff's allegations and until nearly eight months after it filed its answer to plaintiff's second amended complaint to file the instant motion.
/////

3

In the alternative, RRI claims any untimeliness is outweighed by other factors that support granting leave. *See* Mem. at 7; Reply at 6 (noting "this factor weighs against leave, but only slightly"). To support this argument, RRI relies on a Northern District of California case, which excused defendant's untimeliness because other factors weighed in favor of granting a motion to implead. *See Webb v. Healthcare Revenue Recovery Grp., LLC*, No. 13-00737, 2014 WL 2967559, *3 (N.D. Cal. July 1, 2014) (giving weight to factors including absence of trial and pretrial deadlines and lack of prejudice to plaintiff). Here, the court is not so persuaded. Other factors relevant here do not weigh strongly in favor of granting this motion, as explained below.

### B. Prejudice to Plaintiff

When plaintiff filed her opposition to the instant motion and made her arguments based on untimeliness, the discovery deadline was two and a half weeks away. *See* Opp'n at 7. Plaintiff subsequently filed an unopposed motion to extend pretrial deadlines for forty-five days, *see* Unopposed Mot., which this court granted, *see* Prior Order (Jan. 30, 2024). Currently, the fact discovery cutoff is set for March 20, 2024, and the expert discovery cutoff is set for May 27, 2024. *Id.* RRI points to these extended deadlines in reply to support its argument plaintiff will not be prejudiced. *See* Reply at 6.

Even accounting for the recently extended deadlines, the court finds granting this motion will still prejudice plaintiff and likely result in further delays. After service of a third-party complaint, Bhola Co. would need time to obtain counsel, respond to the third-party complaint and engage in discovery and motion practice. *See, e.g.*, *Gonzalez v. Burlington Coat Factory Warehouse Corp.*, No. 18-666, 2019 WL 10744835, at *2 (C.D. Cal. Apr. 26, 2019) (discussing likely substantial delay resulting from adding third-party defendants). This factor weighs in favor of denying RRI's motion.

### C. Complication of Issues and Trial Delay

Finally, while RRI asserts the proposed third-party claims are legally uncomplicated and allowing them to proceed in this case will promote judicial efficiency, the court finds otherwise. *Contra* Mem. at 5–6. According to RRI, granting its motion would "allow[] apportionment of

4

liability to the appropriate party" if judgment ultimately is entered against RRI. *Id.* at 5. However, plaintiff contends the assignment of liability is not so straightforward and allowing RRI to contract around liability would defeat the purpose of the TVPRA, which is meant to combat human trafficking and help survivors. *See* Opp'n at 8. Given this, plaintiff argues even if the court allows RRI to bring its third-party complaint under Rule 14, the claims ultimately would be dismissed. *Id.* at 7. To support this argument, plaintiff analogizes TVPRA claims to § 1983 claims. *Id.* at 7–8. In doing so, plaintiff relies on *Hoa v. Riley*, a Northern District of California case, which found contribution and indemnification claims were not permitted under § 1983 and concluded allowing such claims "would not serve Section 1983's policies of compensation and deterrence." 78 F. Supp. 3d 1138, 1146–47 (N.D. Cal. 2015) (internal citation omitted). RRI argues the Northern District case is "factually distinguishable and legally inapposite," Reply at 4, in part because it relied on Ninth Circuit precedent, which had already held § 1983 did not allow such claims. *Id.* Here, RRI contends the Ninth Circuit has not ruled on whether contribution or indemnity claims are allowed under the TVPRA. *Id.* Plaintiff provides no authority to the contrary.

As the parties' briefing on this motion illustrates, the question of allocation of responsibility raises issues of statutory interpretation, contract interpretation, public policy and apparently novel issues of law. Resolution of the issues that likely would arise following the filing of any third-party complaint would complicate and lengthen the time to trial. *See Irwin*, 94 F. Supp. 2d at 1060 (noting added delay and complexity weigh against granting motion for leave to file third-party complaint). Moreover, RRI is not precluded from seeking indemnification from its franchisee in separate litigation. *See, e.g.*, *UL LLC v. Space Chariot Inc.*, 250 F. Supp. 3d 596, 606 (C.D. Cal. 2017) (noting defendant could "seek indemnification by filing a separate complaint").

For the foregoing reasons, the court declines to exercise its discretion to grant RRI's motion to file a third-party complaint under Rule 14.

/////

/////

### III. FEDERAL RULE OF CIVIL PROCEDURE 16

Even if RRI had met the requirements under Rule 14, plaintiff correctly notes RRI does not satisfy the requirements of Rule 16. *See* Opp'n at 4–5; *see also Bel Air Mart v. Arnold Cleaners, Inc.*, No. 10-02392, 2014 WL 3939147, at *10 (E.D. Cal. Aug. 11, 2014) (noting the party "must meet the Rule 16 standard of good cause and the Rule 14(a) standard for impleader."); *Spears v. First Am. eAppraiseIT*, No. 08-00868, 2013 WL 1748514, at *1 (N.D. Cal. Apr. 23, 2013) ("Although First American may meet Rule 14 and jurisdictional requirements, it fails to meet the requirements of Rule 16 for changing the scheduling order."). RRI does not acknowledge Rule 16 at all. *See generally* Mot.; Reply.

When a party seeks to join additional parties or amend its pleadings after the court has issued a Rule 16 scheduling order, as here, the court must consider whether to amend the scheduling order. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992); Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). The focus of the Rule 16 "good cause" inquiry is on the moving party's diligence, or lack thereof, in seeking amendment. *Johnson*, 975 F.2d at 608–09. "Relevant inquiries [into diligence] include: whether the movant was diligent in helping the court to create a workable Rule 16 order; whether matters that were not, and could not have been, foreseeable at the time of the scheduling conference caused the need for amendment; and whether the movant was diligent in seeking amendment once the need to amend became apparent." *Johnson v. St. Mary*, 2007 WL 1100507, at *1 (E.D. Cal. Apr. 11, 2007) (citation omitted). If the moving party was not diligent in seeking amendment, leave to amend should be denied. *Johnson*, 975 F.2d at 608–09.

This court's scheduling order provides "no further joinder of parties or amendment to pleadings is permitted without leave of court, good cause having been shown." Standing Scheduling Order at 1–2, ECF No. 37; *see also* FRCP 16 Bench Order. As noted above, RRI did alert the court it might seek to file a third-party complaint against its franchisee and would "seek leave to do so as directed by any agreed to or ordered scheduling order," in both the parties' July 15, 2022, and July 6, 2023, joint status reports. First JSR at 5–6; Second JSR at 3, ECF No. 77.

However, RRI provides no explanation whatsoever of how its current request complies with the scheduling order, or why it delayed until now to seek leave to file a third-amended complaint.

RRI has not shown the required diligence, and therefore it has not shown good cause to amend the scheduling order.

### IV. CONCLUSION

For the foregoing reasons, RRI's motion is **denied.**

This order resolves ECF No. 97.

IT IS SO ORDERED.

DATED: February 27, 2024.

_____
CHIEF UNITED STATES DISTRICT JUDGE