UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.M., an individual, | No. 2:22-cv-00672-KJM-JDP |
| Plaintiff, | ORDER |
| v. | |
| Red Roof Inns, Inc., | |
| Defendant. | |

Defendant Red Roof Inns, Inc. (RRI) requests to seal three depositions and plaintiff's responses to defendant's first set of interrogatories. *See* Notice of Request to Seal, ECF No. 137. RRI intends to use these documents in support of its motion for summary judgment. *Id.* Plaintiff has not opposed the request. The court **denies** the request without prejudice.

**I.    LEGAL STANDARD**

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns*, 435 U.S. 589, 597 (1978) (footnotes omitted). While the right is not absolute, *Kamakana v. City of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006), there is a strong presumption in favor of public access to court records. *See Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002). In determining what standard to apply to requests to seal, the Ninth Circuit distinguishes between non-dispositive and dispositive motions. *Kamakana*, at 1179–80.

1

To seal documents filed with a dispositive motion, a party "must meet the high threshold of showing that 'compelling reasons' support secrecy." *Id.* at 1180. That is, the party requesting to seal "must articulate compelling reasons supported by specific factual findings that outweigh the public interest in understanding the judicial process." *Id.* at 1178–79 (internal citations and marks omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon*, 435 U.S. at 598).

The Eastern District of California has adopted rules to clarify procedures for parties' compliance with the law reviewed above. Local Rule 141 provides that documents may be sealed only by a written order of the court after a particularized request to seal has been made. E.D. Cal. L.R. 141(a). A mere request to seal is not enough under the local rules. Local Rule 141(b) expressly requires that "[t]he 'Request to Seal Documents' shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the documents, and all other relevant information." Further, this court's civil standing order provides additional rules regarding sealing. *See* Standing Order at 9, ECF No. 37.

**II.   ANALYSIS**

RRI argues there is "good cause" to file the three depositions and plaintiff's responses to defendant's first set of interrogatories under seal, because the documents "contain either (1) personal identifying information and/or matters of personal privacy or (2) confidential and/or proprietary business information." Request at 2. However, because RRI's request to seal relates to its motion for summary judgment—a dispositive motion—the "compelling reasons" rather than the "good cause" standard applies. *Kamakana*, 447 F.3d 1172, 1178–79. Here, RRI does not provide compelling reasons for sealing all four documents in their entirety. *See, e.g.*, *Stiles v. Wal-Mart Stores, Inc.*, No. 2:14-2234, 2021 WL 1212645, at *1 (E.D. Cal. Mar. 31, 2021) (noting requests to seal are "frequently overbroad").

1    First, the Local Rules provide that, unless the court orders otherwise, a filing party shall omit or redact certain information from documents including, among other items, social security numbers, dates of birth, home addresses and circumstances when federal law requires redaction. E.D. Cal. L.R. 140(a); *see also* Fed. R. Civ. P. 5.2.  Thus, RRI is required to redact this information covered by the rules from the documents before filing.  However, that some information is required to be redacted does not support sealing the documents in their entirety. *See Kalkhoven v. United States*, No. 21-01440, 2021 WL 3779863, at *2 (E.D. Cal. Aug. 24, 2021).

Second, while RRI argues the information contained in the four documents is subject to the parties' protective orders, *see* Request at 2, discovery protective orders by themselves are insufficient to support a request to seal. *Berlanga v. Polaris Indus., Inc.*, No. 21-00949, 2023 WL 2752483, at *2 (E.D. Cal. Mar. 31, 2023).  Additionally, if RRI was aware plaintiff had identified information in these documents as confidential and potentially subject to sealing, RRI should have provided plaintiff with sufficient notice in advance of filing to allow *plaintiff* to seek an order of sealing or redaction from the court.  *See* Standing Order at 9.  While RRI states plaintiff will receive service of the notice electronically, there is no indication RRI made plaintiff aware of the specific documents it intended to use in support of its motion ahead of time in accordance with the standing order.  *See generally* Request.

Third, while courts in this circuit have granted requests to seal limited amounts of business information, such requests have been granted when movants specifically explain how disclosure of the information would harm them.  *See Berlanga*, 2023 WL 2752483, at *2 (collecting cases).  Here, while RRI's request may ultimately be viable, they have not provided this court with enough information to grant their request.  The sparse explanation included in the request does not "articulate the factual basis" for sealing each document "without relying on hypothesis or conjecture." *Kamakana*, 447 F.3d at 1182.  For each document it requests to seal – or plaintiff requests be sealed -- , RRI must explain the specific information contained in the document and how disclosure could or would hurt it.  *See AdTrader, Inc. v. Google LLC*, No. 17-07082, 2020 WL 6387381, at *2 (N.D. Cal. Feb. 24, 2020); E.D. Cal. L.R. 141(a).

3

### III. CONCLUSION

Accordingly, the request to seal is **denied without prejudice.** The request to seal may be renewed in accordance with this order, the court's civil standing order, the Local Rules and the Federal Rules of Civil Procedure.

This order resolves ECF No. 137.

IT IS SO ORDERED.

DATED: June 18, 2024.

_____
CHIEF UNITED STATES DISTRICT JUDGE